**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NOS. 5:11-CR-00015-02** |
| | **5:11-CR-00163-02** |
| | **5:16-CV-00902** |
| | **5:16-CV-00903** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **KEVIN NELL BROWN (02)** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING & ORDER

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence [Doc. #70, in Docket No. 5:11-cr-00015-DEW-MLH-2; Doc. #26, in Docket No. 5:11-cr-00163-DEW-MLH-2], pursuant to 28 U.S.C. § 2255, filed by Defendant-Petitioner Kevin Nell Brown (02).[1] For the following reasons, the motion is **DENIED**.

## BACKGROUND

On January 26, 2011, a federal grand jury in the Western District of Louisiana (WDLA) charged Defendant Brown with one count of conspiracy, in violation of 18 U.S.C. § 371 (Count 1), and two counts of bank robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a) and (d) (Counts 2 and 3). [Doc. #1, in Docket No. 5:11-cr-00015-DEW-MLH-2]. On March 2, 2011, Defendant Brown was also charged by a federal grand jury in the Eastern District of Texas (EDTX) with two counts of bank robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a) (Counts 1 and 3), and two counts of possession of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Counts 2 and 4).

---

[1] This memorandum ruling and order applies with equal force to the motions docketed in each case.

[Doc. #2-2, in Docket No. 5:11-cr-00163-DEW-MLH-2]. The EDTX charges were then transferred to this district, on June 27, 2011. [Doc. #2, in Docket No. 5:11-cr-00163-DEW-MLH-2].

On July 6, 2011, Defendant Brown pled guilty to Count 2 of the WDLA indictment and Counts 1, 2, and 3 of the EDTX indictment. [Docs. ##45 and 48, in Docket No. 5:11-cr-00015-DEW-MLH-2; Docs. ##4 and 8, in Docket No. 5:11-cr-00163-DEW-MLH-2]. In support thereof, Defendant Brown and the Government stipulated to the following factual basis:

> KEVIN NELL BROWN and co-defendant Dwayne Naycon Hooks committed a string of armed bank robberies in the [WDLA] and the [EDTX]. BROWN did not participate in the robbery of Capital One Bank in Grand Cane, Louisiana, which Hooks committed by himself. All of the banks robbed were insured by FDIC.
>
> Each robbery was committed while the banks were open for business. Hooks and BROWN forced bank employees to provide cash from their drawers. On several occasions, BROWN crossed the teller counter and took the money from the drawers. In all but the Grand Cane robbery, Hooks and BROWN then forced a bank employee to provide keys to the employee's vehicle which was then used as a get-a-way car. All of the cars were recovered without damage.
>
> In every robbery, Hooks possessed a firearm. On two occasions, Hooks discharged a firearm inside the bank, although nobody was physically injured. A G.A.I. pistol, cal: 9mm, model: PA63, SN: ANO528 with ammunition was recovered at the time of the arrest of Hooks and BROWN.
>
> The following chart summarizes the robberies BROWN participated in:

| Date | Location | Bank | Amount Stolen |
| --- | --- | --- | --- |
| 10/15/2010 | Shreveport, LA | Red River Bank | $16,395.00 |
| 11/03/2010 | Joaquin, TX | Texas State Bank | $32,267.00 |
| 12/02/2010 | Haslam, TX | Texas State Bank | $14,307.00 |
| 01/05/2011 | Pleasant Hill, LA | Peoples State Bank | $25,545.00 |

> The $24,545.00 stolen from Peoples State Bank in Pleasant Hill was recovered upon the arrest of BROWN and Hooks. The remaining money was not recovered. Therefore, the total intended loss amount for BROWN is $41,940.00 (Louisiana) plus $46,574.00 (Texas) for a total loss amount of **$88,514.00**. The total restitution amount for BROWN is $16,395.00 (Louisiana) and $46,574.00 (Texas) for a total restitution amount of **$62,969.00**.

[Doc. #48-2, in Docket No. 5:11-cr-00015-DEW-MLH-2; Doc. #8-2, in Docket No. 5:11-cr-00163-DEW-MLH-2].

On October 28, 2011, this Court sentenced Defendant Brown to a term of imprisonment of 80 months, as to Count 2 of the WDLA indictment and Counts 1 and 3 of the EDTX indictment, followed by a consecutive term of imprisonment of 60 months as to Count 2 of the EDTX indictment. [Doc. #55, in Docket No. 5:11-cr-00015-DEW-MLH-2; Doc. #13, in Docket No. 5:11-cr-00163-DEW-MLH-2]. Defendant Brown's total term of imprisonment was therefore 140 months, followed by supervised release for terms of five (5) years as to Count 2 of the WDLA indictment and Count 2 of the EDTX indictment, and three (3) years as to Counts 1 and 3 of the EDTX indictment, all terms to run concurrently. *Id*. Restitution was ordered in the total amount of $62,969.00, to be paid joint and several with a co-defendant. [Doc. #59, in Docket No. 5:11-cr-00015-DEW-MLH-2; Doc. #15, in Docket No. 5:11-cr-00163-DEW-MLH-2]. No appeal was filed.

The instant motion was filed on June 23, 2016. Defendant Brown argues that Count 2 of the EDTX indictment is subject to dismissal, based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine. In *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257 (2016), the Supreme Court established that *Johnson* is a substantive decision that is retroactive in cases on collateral review. Defendant Brown asserts that *Johnson* "calls into question" his conviction by guilty plea to "the offense of bank robbery and the enhancement for the use of firearm conviction in relation to the bank robbery[.]" [Doc. #70-1, p. 3, in Docket No. 5:11-cr-00015-DEW-MLH-2; Doc. #26-1, p. 3, in Docket No. 5:11-cr-00163-DEW-MLH-2].

Essentially, Defendant Brown asks this Court to find that, pursuant to *Johnson*, the "crime of violence" language found in 18 U.S.C. § 924(c)(1)(A) is unconstitutional under the void-for-vagueness doctrine.[2]

## **LAW & ANALYSIS**

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citation omitted).

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005) (quoting 28 U.S.C. § 2255(f)). Defendant Brown is proceeding under 28 U.S.C. § 2255(f)(3), pursuant to which the 1-year period of limitation shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[2] Although Defendant Brown also references 18 U.S.C. § 16(b), neither that statute nor the cases cited in relation thereto have any relevant application to the instant motion or the issue before the Court; therefore, no further discussion thereof is warranted. [*see* Doc. #70-1, p. 5, in Docket No. 5:11-cr-00015-DEW-MLH-2; Doc. #26-1, p. 5, in Docket No. 5:11-cr-00163-DEW-MLH-2]; *see also United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016) (18 U.S.C. § 16's statutory definition of "crime of violence" is neither unconstitutionally vague on its face nor as applied therein), *petition for cert. filed* (U.S. Sept. 30, 2016) (No. 16-6259).

collateral review[.]" 28 U.S.C. § 2255(f)(3). As explained, the instant motion purports to rely upon the Supreme Court's June 26, 2015, decision in *Johnson*, made retroactive in *Welch.*

> *Welch* explained that the ACCA defines "violent felony" as
>
> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

*Welch*, 136 S.Ct. at 1261 (quoting 18 U.S.C. § 924(e)(2)(B)). "Subsection (i) of this definition is known as the elements clause. The end of subsection (ii)—'or otherwise involves conduct that presents a serious potential risk of physical injury to another'—is known as the residual clause." *Id.* (citing *Johnson*, 135 S.Ct. at 2555–2556). Importantly, *Johnson* invalidated the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), and explicitly did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson,* 135 S.Ct. at 2563. Based on that limitation, *Welch* left open the possibility that, on remand, Welch's conviction may still qualify "as a violent felony under the elements clause of the Act, which would make Welch eligible for a 15–year sentence regardless of *Johnson*." 136 S.Ct. at 1268. Defendant Brown's motion fails to recognize the distinction between the two clauses, *Johnson*'s relative effects, and the applicability and/or lack thereof to the instant case.

As to the elements clause, the definition of "violent felony" under the ACCA and "crime of violence" under § 924(c) are identical and encompass any offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. §§ 924(c)(3)(A) and (e)(2)(B)(i).

Here, the offense of conviction under attack is that which was charged in Count 2 of the EDTX indictment, for possession of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2. [Doc. #2-2, Docket No. 5:11-cr-00163-DEW-MLH-2]. The specific crime of violence was "bank robbery, as alleged in Count One[,]" which was specifically alleged to be "by force, violence, and intimidation[,]" in violation of 18 U.S.C. § 2113(a). *Id*. Section 2113(a) describes two separate crimes, as follows:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank . . .; or
>
> Whoever enters or attempts to enter any bank . . . or any building used in whole or in part as a bank . . . with intent to commit in such bank . . . or building, or part thereof, so used, any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). Defendant Brown was charged with violating the first paragraph.

"In order to prove a violation of 18 U.S.C. § 2113(a), the Government must prove: (1) an individual or individuals (2) used force and violence or intimidation (3) to take or attempt to take (4) from the person or presence of another (5) money, property, or anything of value (6) belonging to or in the care, custody, control, management, or possession (7) of a bank[.]" *United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004) (quoting *United States v. McCarty*, 36 F.3d 1349, 1357 (5th Cir. 1994)). Based on the elements of the relevant offense of conviction, Defendant Brown was charged with and convicted of a "crime of violence" under § 924(c)(3)(A). Because § 924(c)(3)(A) applies to Defendant Brown's conviction for bank robbery under § 2113(a), and § 924(c)(3)(A) was not rendered invalid under *Johnson*, Defendant Brown's conviction is likewise unaffected by *Johnson*. *See Royal v. Tombone*, 141 F.3d 596, 601

(5th Cir. 1998) (per curiam); *see also United States v. McNeal*, 818 F.3d 141, 152 n.8 (4th Cir. 2016) ("Because § 2113(a) bank robbery satisfies the § 924(c)(3) force clause, we do not consider whether *Johnson* renders the § 924(c)(3) residual clause unconstitutionally vague."). Accordingly, Defendant Brown is not entitled to the relief requested in the instant motion.

**CONCLUSION**

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence [Doc. #70, in Docket No. 5:11-cr-00015-DEW-MLH-2; Doc. #26, in Docket No. 5:11-cr-00163-DEW-MLH-2], pursuant to 28 U.S.C. § 2255, filed by Defendant-Petitioner Kevin Nell Brown (02) is hereby **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** for failure to make a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. 2253(c)(2).

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 26th day of March, 2018.

DONALD E. WALTER
UNITED STATES DISTRICT COURT