# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NOS. 11-00015-2 & 11-00163-2 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| KEVIN NELL BROWN | MAG. JUDGE MARK L. HORNSBY |

## RULING

Before the Court is Defendant Kevin Nell Brown's ("Brown") Motion to Vacate, Set Aside, or Correct Sentence [Doc. No. 70 in Criminal Action No. 11-00015-02] and [Doc. No. 26 in Criminal Action No. 11-00163-2], pursuant to 28 U.S.C. § 2255. The Court held Brown's motion in abeyance pending a decision by the United States Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). A decision in that case issued on April 17, 2018, and the Court is now prepared to rule.

For the reasons set forth below, the motion is DENIED and DISMISSED WITH PREJUDICE.

## I. FACTS AND PROCEDURAL BACKGROUND

On January 26, 2011, a federal grand jury in the Western District of Louisiana charged Brown with one count of conspiracy, in violation of 18 U.S.C. § 371 (Count 1), and two counts of bank robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a) and (d) (Counts 2 and 3). [Doc. No. 1 in Criminal Action No. 5:11-00015-2].

On March 2, 2011, Brown was also charged by a federal grand jury in the Eastern District

of Texas with two counts of bank robbery by force, violence, or intimidation, in violation of 18 U.S.C. § 2113(a) (Counts 1 and 3), and two counts of possession of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Counts 2 and 4).

The Eastern District of Texas charges were then transferred to this district, on June 27, 2011, and assigned a Criminal Action No. of 5:11-00163-2.

On July 6, 2011, Brown pled guilty to Count 2 of the indictment in Criminal Action No. 5:11-00015-2 (the Louisiana charges) and Counts 1, 2, and 3 of the indictment in Criminal Action No. 5: 11:00163-2 (the Texas charges). [Doc. Nos. 45 and 48, in Criminal Action No.5:11-cr-00015-2; Doc. Nos. 4 and 8, in Criminal Action No. 5:11-cr-00163-2]. As part of his guilty plea, Brown and the Government stipulated to the following factual basis:

> KEVIN NELL BROWN and co-defendant Dwayne Naycon Hooks committed a string of armed bank robberies in the [WDLA] and the [EDTX]. BROWN did not participate in the robbery of Capital One Bank in Grand Cane, Louisiana, which Hooks committed by himself. All of the banks robbed were insured by FDIC. Each robbery was committed while the banks were open for business. Hooks and BROWN forced bank employees to provide cash from their drawers. On several occasions, BROWN crossed the teller counter and took the money from the drawers. In all but the Grand Cane robbery, Hooks and BROWN then forced a bank employee to provide keys to the employee's vehicle which was then used as a get-a-way car. All of the cars were recovered without damage.
>
> In every robbery, Hooks possessed a firearm. On two occasions, Hooks discharged a firearm inside the bank, although nobody was physically injured. A G.A.I. pistol, cal: 9mm, model: PA63, SN: ANO528 with ammunition was recovered at the time of the arrest of Hooks and BROWN.
>
> The following chart summarizes the robberies BROWN participated in:

| Date | Location | Bank | Amount Stolen |
|---|---|---|---|
| 10/15/2010 | Shreveport, LA | Red River Bank | $16,395.00 |
| 11/03/2010 | Joaquin, TX | Texas State Bank | $32,267.00 |
| 12/02/2010 | Haslam, TX | Texas State Bank | $14,307.00 |
| 01/05/2011 | Pleasant Hill, LA | Peoples State Bank | $25,545.00 |

> The $24,545.00 stolen from Peoples State Bank in Pleasant Hill was recovered upon the arrest of BROWN and Hooks. The remaining money was not recovered. Therefore, the total intended loss amount for BROWN is $41,940.00 (Louisiana) plus $46,574.00 (Texas) for a total loss amount of $88,514.00. The total restitution amount for BROWN is $16,395.00 (Louisiana) and $46,574.00 (Texas) for a total restitution amount of $62,969.00.

[Doc. No. 48-2, in Criminal Action No.11-cr-00015-2; Doc. No. 8-2, in Criminal Action No.11-00163-2].

On October 28, 2011, Judge Donald Walter sentenced Brown to a term of imprisonment of 80 months on Count 2 in Criminal Action No. 11-00015-2 and Counts 1 and 3 in Criminal Action No. 11-00163-2, to run concurrently, followed by a consecutive term of imprisonment of 60 months as to Count 2 in Criminal Action No. 11-00163-2. [Doc. No. 55 in Criminal Action No. 5:11-00015-2; Doc. No. 13 in Criminal Action No. 5:11-00163-2]. In total, Brown was sentenced to serve 140 months imprisonment, followed by supervised release for terms of five (5) years as to Count 2 of both Indictments and three (3) years as to Counts 1 and 3 of the Indictment in Criminal Action No. 5:11-00163-2, all terms to run concurrently. *Id*. The Court ordered Brown to pay restitution in the total amount of $62,969.00, jointly and severally with his co-defendant. [Doc. No. 59 in Criminal Action No. 5:11-00015-2; Doc. No. 15 in Criminal Action No.5:11-00163-2]. Brown did not appeal.

On June 23, 2016, Brown filed the instant motion. He argues that Count 2 of Criminal Action No. 11-00163-2 should be dismissed based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine. In *Welch v. United States,* 136 S. Ct. 1257 (2016), the Supreme Court established that *Johnson* is a substantive decision to be applied retroactively to cases on collateral review. Brown asserts that Johnson "calls into question" his conviction by

guilty plea to "the offense of bank robbery and the enhancement for the use of firearm conviction in relation to the bank robbery[.]" [Doc. No. 70-1, p. 3, in Criminal Action No. 5:11-00015-2; Doc. No. 26-1, p. 3, in Criminal Action No. 5:11-00163-2]. Brown asks this Court to find that, pursuant to *Johnson,* the "crime of violence" language found in 18 U.S.C. § 924(c)(1)(A) is unconstitutional under the void-for-vagueness doctrine.

## II. LAW AND ANALYSIS

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citation omitted).

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005) (quoting 28 U.S.C. § 2255(f)). Brown is proceeding under 28 U.S.C. § 2255(f)(3), pursuant to which the 1-year period of limitation shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). As explained, the instant motion purports to rely upon the

Supreme Court's June 26, 2015, decision in *Johnson*, made retroactive in *Welch*. *Welch* explained that the ACCA defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year . . . that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]**

136 S. Ct. at 1261 (quoting 18 U.S.C. § 924(e)(2)(B) (emphasis added)). "Subsection (i) of this definition is known as the elements clause. The end of subsection (ii)—'or otherwise involves conduct that presents a serious potential risk of physical injury to another'—is known as the residual clause." *Id.* (citing *Johnson*, 135 S. Ct. at 2555–2556). Importantly, *Johnson* invalidated the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), but explicitly did "not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. at 2563. Based on that limitation, *Welch* left open the possibility that, on remand, Welch's conviction may still qualify "as a violent felony under the elements clause of the Act, which would make Welch eligible for a 15–year sentence regardless of Johnson." 136 S. Ct. at 1268. Brown's motion fails to recognize the distinction between the two clauses, Johnson's relative effects, and the applicability and/or lack thereof to the instant case.

As to the elements clause, the definition of "violent felony" under the ACCA and "crime of violence" under § 924(c) are identical and encompass any offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another [.]" 18 U.S.C. §§ 924(c)(3)(A) and (e)(2)(B)(i).

Here, the offense of conviction under attack is that which was charged in Count 2 of the Texas indictment, for possession of a firearm during a crime of violence, in violation of 18

U.S.C. §§ 924(c)(1)(A)(i) and 2. [Doc. No. 2-2, Criminal Action No. 5:11-cr-00163-2]. The specific crime of violence was "bank robbery, as alleged in Count One[,]" which was specifically alleged to be "by force, violence, and intimidation[,]" in violation of 18 U.S.C. § 2113(a). *Id.* Section 2113(a) describes two separate crimes, as follows:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank . . .; or
>
> Whoever enters or attempts to enter any bank . . . or any building used in whole or in part as a bank . . . with intent to commit in such bank . . . or building, or part thereof, so used, any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a). Brown was charged with violating the first paragraph.

"In order to prove a violation of 18 U.S.C. § 2113(a), the Government must prove: (1) an individual or individuals (2) used force and violence or intimidation (3) to take or attempt to take (4) from the person or presence of another (5) money, property, or anything of value (6) belonging to or in the care, custody, control, management, or possession (7) of a bank[.]" *United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004) (quoting *United States v. McCarty*, 36 F.3d 1349, 1357 (5th Cir. 1994)).

Based on the elements of the relevant offense of conviction, Brown was charged with and convicted of a "crime of violence" under § 924(c)(3)(A). Because § 924(c)(3)(A) applies to Brown's conviction for bank robbery under § 2113(a), and § 924(c)(3)(A) was not rendered invalid under *Johnson*, Brown's conviction is likewise unaffected by *Johnson*. *See Royal v. Tombone*, 141 F.3d 596, 601 (5th Cir. 1998) (per curiam) (". . . by definition, the crime of bank robbery includes as a necessary element the use of 'force and violence' or 'intimidation.' . . .

6

Under § 924(c)(3)[(A)], a "crime of violence" is one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." . . . Thus, . . . Royal is currently incarcerated for a 'crime of violence.'"); *see also United States v. Jones*, 854 F.3d 737, 740 (5th Cir.), cert. denied, 138 S. Ct. 242, 199 L. Ed. 2d 155 (2017) ("Our own precedent, although in the bank robbery context, leads us to conclude that a crime that has as an element a taking 'by force and violence or by intimidation' is a 'crime of violence' under § 924(c)(3)(A). . . To hold otherwise would create a circuit split with at least two of our sister circuits.") (citations omitted)[1]; *United States v. McNeal*, 818 F.3d 141, 152 n.8 (4th Cir. 2016) ("Because § 2113(a) bank robbery satisfies the § 924(c)(3) force clause, we do not consider whether *Johnson* renders the § 924(c)(3) residual clause unconstitutionally vague.").

Finally, in his motion, Brown refers to 18 U.S.C. §16(b). *See* [Doc. No. 70-1, p. 5 in Criminal Action No. 5:1100015--2; Doc. No. 26-1, p. 5 in Criminal Action No. 5:11-00163-2]. The Court vacated its previous memorandum ruling and held Brown's motion in abeyance until a decision issued in *Sessions v. Dimaya*. On April 17, 2018, the Supreme Court held that 18

---

[1] The Court recognizes that *Jones* also addressed the residual clause of §924(c)(3)(B), stating:

> Jones's argument that § 924(c)(3)(B) is unconstitutionally vague under *Johnson* is foreclosed by our en banc decision in *United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016). In *Gonzalez-Longoria*, we held that the definition of "crime of violence" found in 18 U.S.C. § 16(b) remains constitutional in the aftermath of Johnson. *Gonzalez-Longoria*, 831 F.3d at 675–77. The definition of "crime of violence" found in § 16(b) is identical to the definition found in § 924(c)(3)(B); therefore, the definition of "crime of violence" under § 924(c)(3)(B) is not unconstitutionally vague. *See United States v. Chapman*, 851 F.3d 363, 374–75 (5th Cir. 2017).

*Id.* at 740. Since *Jones* issued, *Gonzalez-Longoria* was abrogated by *Sessions v Dimaya*, 138 S. Ct. 1204 (2017). *Dimaya* does not specifically address whether § 924(c)(3)(B) is impermissibly vague. *See Dimaya*, 138 S. Ct. at 1241 (Roberts, C.J., dissenting) ("express[ing] no view" whether *Dimaya*'s holding that §16(b) is impermissibly vague compels the same result as to § 924(c)(3)(B)). However, in any event, Brown's offense of conviction is a crime of violence under subsection (A), not the residual subsection (B).

U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's definition of "aggravated felony" (8 U.S.C. § 1101(a)(43)(F)), is impermissibly vague in violation of the Due Process Clause of the Fifth Amendment). However, neither that statute nor the *Dimaya* decision has any relevant application to the instant motion or the issue before the Court. Although the language of §924(c)(3)(B) is nearly identical to that of § 16(b), the *Dimaya* decision does not apply in this case where Brown was charged and convicted of a crime of violence as defined in § 924(c)(3)(A). *See, supra,* n.1. Therefore, the *Dimaya* decision does not provides Brown with a basis for relief.

### III. CONCLUSION

For the foregoing reasons, Brown's Motion to Vacate, Set Aside, or Correct Sentence [Doc. No. 70, in Criminal Action No. 5:11-00015-2; Doc. No. 26, in Criminal Action No.5:11-00163-2], pursuant to 28 U.S.C. § 2255, will be DENIED AND DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 10th day of May, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE